816 F.2d 679
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen Nathan DECKER, Plaintiff-Appellant,
v.
William W. THOMPSON, IV, Esq.; Cuyahoga County Public
Defender's Office; Judge James McMonagle, Cuyahoga
County Court of Common Pleas,
Defendants-Appellees.
 No. 86-4016.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1987.
 
 Before MERRITT and NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff moves for pauper status on appeal from the district court's order dismissing his prisoner's civil rights case. Pursuant to Rule 9(a), Rules of the Sixth Circuit, this appeal has been referred to a panel of the Court for consideration. The plaintiff's statement in support of his motion for pauper status has been construed as an informal brief.
 
 
 2
 The plaintiff is currently a prisoner in the Ohio state prison system. The defendants are a Cuyahoga County public defender, the Cuyahoga County Public Defender's Office and a Cuyahoga County Common Pleas Court judge. The complaint alleges that the public defender and the prosecutor entered into a plea bargain in which the plaintiff would receive a six month sentence to be served in the local jail. The state court judge, however, sentenced the plaintiff to one year in the state prison. The complaint alleges that these events violated the plaintiff's due process and equal protection rights. He requested damages and declaratory relief.
 
 
 3
 The district court held that the complaint was frivolous under 28 U.S.C. Sec. 1915(d). The district court held that the state court judge was immune from damages because he was acting within his jurisdiction. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). The court also held that the public defender did not act under color of state law because he was functioning as counsel for a defendant in a criminal case. Polk County v. Dodson, 454 U.S 312, 324-25 (1981). We agree with these conclusions of the district court. The plaintiff has conceded that the Public Defender's Office was properly dismissed from the case.
 
 
 4
 In his statement in support of his motion for pauper status, the plaintiff argues that the state court judge was liable for declaratory relief under Sec. l983. Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 735-36 (1980). Because the plaintiff is attacking the judgment in a state court criminal case, however, the proper remedy for him is to file a petition for habeas corpus relief. As the district court noted, the plaintiff has not indicated that he has made any attempt to exhaust his state remedies as required before habeas corpus relief can be granted.
 
 
 5
 The plaintiff also argues that his allegations against the judge and the public defender should be construed as a conspiracy? thus supplying the state action requirement regarding the public defender. Dennis v. Sparks, 449 U.S. 24, 27 (1980); Glover v. Tower, 700 F.2d 556, 558 fn.1 (9th Cir. 1983). This argument is without merit because the facts alleged in the complaint simply show that the state court judge refused to adopt the sentence proposed by the prosecutor and defense counsel. There is no indication of any conspiracy by the judge to violate the plaintiff's rights. So the district court was correct to dismiss the case.
 
 
 6
 The motion for pauper status is granted. After consideration of the record and the plaintiff's informal brief, we affirm the order of the district court under Rule 9(b), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.